JS-6

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN SEBASTIAN, individually, on a representative basis, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 8:18-cv-00757-JLS-KES<br><br>**FRCP RULE 23 CLASS ACTION**<br><br>**FINAL JUDGMENT** |

Plaintiff's unopposed Motion for Final Approval of the Class Action Settlement as to the Joint Stipulation of Class Action Settlement and Release (the "Settlement Agreement") was heard on November 25, 2019, in Department 10A of the above-entitled court. Having considered the Motion, Settlement Agreement, supporting declarations, and all other materials properly before the Court, and having held a fairness hearing and taken the matter under submission,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order ("Judgment"), refers to all defined terms (*i.e.*, terms with initial capitalization) as set forth in the Settlement Agreement, which incorporates the Court's Orders amending the Settlement Agreement (*see* Order Granting Stipulation to Amend Settlement Agreement, dated June 5, 2019, and Order Granting Stipulation to Amend Settlement Agreement to Clarify Compensable Workweeks, dated September 12, 2019).

2. The Court has jurisdiction over the subject matter over this Action, the Class Representative, the Class Members, and Defendant.

3. The Court finds that the distribution of the Class Notice, as provided for in the Order Granting Preliminary Approval of the Settlement, constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of applicable law and due process under the California and United States Constitution. Based on evidence and other material submitted, the actual notice to the Class was adequate.

4. In response to the Notice process, three Class Members opted out of the Settlement (Dennis Desmith, Tina Haraguchi, and Tom Ketchem), and no Class Members objected to the Settlement.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement and each of the releases and other terms, as fair, reasonable, and adequate.

6. The Parties are directed to perform in accordance with the terms set forth in

the Settlement Agreement.

7. For purposes of effectuating this Order and Judgment, this Court has certified the Settlement Classes defined in the Settlement Agreement.

8. For purposes of this Judgment, the Court confirms the appointment of Plaintiff Donovan Sebastian as the class representative. Further, the Court approves as reasonable the Class Representative Enhancement Award to Plaintiff in the amount of Ten Thousand Dollars ($10,000). The Court orders the Settlement Administrator to distribute the Class Representative Enhancement Award to Plaintiff in accordance with the provisions of the Settlement Agreement.

9. For purposes of this Judgment, the Court confirms the appointment of Brian J. Mankin of Fernandez & Lauby LLP as Class Counsel. Further, the Court approves as reasonable the Award of Attorneys' Fees of Eight Hundred Twelve Thousand Five Hundred Dollars ($812,500).

10. The Court approves a Class Counsel Costs Award in the amount of Eight Thousand Nine Hundred Fifty-Two Dollars and Fifty-Six Cents ($8,952.56).

11. The Court confirms the appointment of Simpluris, Inc. as the Settlement Administrator to administer the Settlement as more specifically set forth in the Settlement Agreement and further approves Settlement Administration Costs in the amount of Nine Thousand Four Hundred Seventy-Three Dollars ($9,473).

12. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

13. By this Order, the Class Representative shall release, relinquish, and discharge, and each of the Participating Class Members (excluding those who opted out) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims, as defined in the Settlement Agreement.

14. After settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 260 days after the Effective Date,

Plaintiff shall file a report with this Court certifying compliance with the terms of the Settlement Agreement.

15. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendant or any of the Released Parties. Defendant or any of the Released Parties may file the Settlement Agreement and/or the Judgment from this Action in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. This document shall constitute a Judgment and, without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction for the sole purpose of enforcing the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: December 20, 2019 _____

Honorable Josephine L. Staton